**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

KONG L.,

Petitioner,

v.

DAVID EASTERWOOD, *Director of St. Paul Enforcement and Removal Operations, Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*; DAVE ISAIS, *Jail Commander of the Sherburne County Jail*; TODD BLANCHE, *Attorney General of the United States*; and DAVID J. VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-4332 (LMP/LIB)

**ORDER DENYING HABEAS PETITION**

---

Hannah Brown, **HB Law & Advocacy PLLC, Wayzata, MN**, and Stacey Rogers, **SRR Law Group LLC, St. Cloud, MN**, for Petitioner.

Sarah Mazzie, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials and entities named as Respondents. Respondent Dave Isais, the Jail Commander of the Sherburne County Jail, has not participated in these proceedings.

This petition presents the narrow issue of whether Kong L.'s[2] removal is reasonably foreseeable. Because the Government has a valid travel document and Kong is scheduled for a flight this month, Kong's removal is reasonably foreseeable, and his petition is denied.

**BACKGROUND**

This is Kong's second habeas petition before this Court. *See Kong L. v. Easterwood*, No. 26-cv-03669 (LMP/LIB), 2026 WL 2824325 (D. Minn. Sept. 21, 2026). The Court's September 21, 2026 order outlines the background of Kong's first petition, *see id.* at *1–2, so the Court will assume familiarity with the issues raised in that petition. But as a summary, the Court denied the first petition, finding that a valid warrant existed for Kong's arrest and that the Government complied with the framework for revoking Kong's Order for Supervised Release based on a significant likelihood of Kong's removal in the reasonably foreseeable future. *Kong L.*, 2026 WL 2824325, at *3–5. In particular, the Court found Kong's removal to be significantly likely in the reasonably foreseeable future because Immigration and Customs Enforcement (ICE) "had a travel document and a removal date—no later than September 16, 2026." *Id.* at *4.

After the Court denied the petition, Kong filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), reasoning that "because his travel document expired during the pendency" of the petition, there was no longer a significant likelihood that he would be removed in the reasonably foreseeable future. *See Kong L.*,

---

[2] The Court uses the Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

2026 WL 2906568, at *2 (Sept. 28, 2026). The Court denied Kong's motion and stated that Kong had articulated a new claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), which would require a new habeas petition. *Id.*

On October 7, 2026, Kong brought a new petition for a writ of habeas corpus, asserting statutory and constitutional violations based on *Zadvydas*. ECF No. 1. The next day, Kong filed a motion for a temporary restraining order seeking an injunction "prohibiting Respondents from removing [Kong] from the United States." ECF No. 4 at 10. The Court ordered the Government to show cause as to why the writ should not enter. ECF No. 9. The Government submitted a laissez-passer travel document for Kong and a declaration indicating that Kong "will be manifested on a charter flight to Laos" in October. ECF No. 10-1 ¶¶ 22–23; ECF No. 10-9. Kong filed a reply. ECF No. 11.

**ANALYSIS**

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

Federal law provides that a noncitizen ordered removed must be detained during the period necessary to effectuate the removal. 8 U.S.C. § 1231(a)(2)(A). But the Due Process Clause does not allow that detention to go on indefinitely. *See Zadvydas*, 533 U.S. at 690. In *Zadvydas*, the Supreme Court held that detention is presumptively reasonable for six

months.[3] *See id.* at 701. After that six-month period has expired, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence "sufficient to rebut that showing." *Id.* If the Government cannot rebut that showing, then the noncitizen must be released, subject to conditions and supervision prescribed by ICE. *Id.* at 699–700.

The Government here has provided sufficient evidence to show a "significant likelihood" of Kong's removal in "the reasonably foreseeable future." *Id.* at 701. Removal is significantly likely in the reasonably foreseeable future when the Government obtains a travel document and makes plans to promptly schedule a flight. *See Chay T. v. Mullin*, No. 26-cv-2908 (LMP/ECW), 2026 WL 1870619, at *2 (D. Minn. June 30, 2026) ("The Government's receipt of Laotian travel documents for [petitioner], coupled with the Government's plans to remove him promptly after receiving those documents, demonstrates that [petitioner]'s removal is significantly likely in the reasonably foreseeable future."); *Sao V. v. Mullin*, No. 26-cv-2520 (ECT/JFD), 2026 WL 1678692, at *2 (D. Minn. June 10, 2026) ("ICE's possession of the petitioner's travel documents at the time of revocation would ordinarily do the trick."). The Government has obtained a new travel document valid for 90 days—through December 25, 2026. ECF No. 9-9. Because the Government has a valid travel document and has specified that Kong "will be manifested

[3] The Government and Kong offer different analyses of whether the six-month period restarts when a petitioner is detained for a second time after supervised release. *See* ECF No. 10 at 7–8; ECF No. 11 at 11–12. Because the Government has demonstrated that Kong's removal is significantly likely in the reasonably foreseeable future, the Court need not reach this issue.

on a charter flight to Laos later this month," ECF No. 10-1 ¶¶ 22–23; ECF No. 10-9, Kong's removal is significantly likely in the reasonably foreseeable future.

Kong raises a few counterarguments, but they are ultimately unpersuasive. First, Kong notes that ICE previously had a travel document and represented that removal would occur, but removal did not occur. ECF No. 11 at 6. But as this Court articulated in its September 28 order, ICE could not have removed Kong because the Court had entered an injunction against Kong's removal during the pendency of his first habeas petition. *Kong L.*, 2026 WL 2906568, at *3. The Government's earlier compliance with the Court's injunction, which has now been lifted, does not indicate that removal is unlikely in the future.

Kong next contends that the Government must offer more than "generalized statements" to meet its burden and cites to the Court's order in *Castillo-Loriga v. Mullin*. ECF No. 11 at 5 (citing No. 26-cv-2335 (LMP/ECW), ECF No. 8 at 6–8 (D. Minn. May 8, 2026)). In Kong's case, the Government's evidence is far more substantial than in *Castillo-Loriga*, where the Government could not secure the removal of a Cuban national to Cuba and had not facilitated a third-country removal after months of detention. No. 26-cv-2335, ECF No. 8 at 2. Here, the Government has secured a travel document and specified that Kong will be removed to Laos this month. ECF No. 10-1 ¶¶ 22–23; ECF No. 10-9.

Kong further asserts that the Government has not addressed whether Kong is medically fit to travel. ECF No. 11 at 9–10. Kong notes his medical circumstances and suggests these are "part of the practical removability inquiry." ECF No. 1 ¶ 11. Without evidence of medical clearance, Kong insists that there cannot be a significant likelihood of

removal in the foreseeable future. ECF No. 11 at 9–10. But it is not the Court's role to speculate on Kong's medical fitness. *See* 8 U.S.C. § 1231(f) ("If the Attorney General believes that a [noncitizen] being removed requires personal care because of the [noncitizen]'s mental or physical condition, the Attorney General may employ a suitable person" to care for the noncitizen during removal. (emphasis added)); *cf. United States v. Riley*, No. 09-cr-0098(1) (PJS/LIB), 2012 WL 787403, at *1 (concluding that it is the Bureau of Prisons' "responsibility to provide adequate medical care," not the Court's). ICE has stated that Kong "will be manifested on a charter flight to Laos" in October. ECF No. 10-1 ¶¶ 22–23. This, along with a valid travel document, is enough to make removal significantly likely in the reasonably foreseeable future.

## CONCLUSION

For these reasons, and based on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Kong L.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and

2. Kong L.'s Motion for a Temporary Restraining Order (ECF No. 4) is **DISMISSED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 29, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge